**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN C. STIEGLER; DWIGHT A. HOLMES, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHNNY SALDAT, individually; MARILYN CARTWRIGHT, individually; PAYMAN MEHRANI, individually; GORDON YAM, individually; KAREN KLEIN, individually; PATTY KLASCIUS, individually; MARLENE SCOTT, individually; MIKE CREIGHTON, individually; BILL GRAF, individually, <br><br> Defendants-Appellees. | No.  15-35911 <br><br> D.C. No. 2:14-cv-01309-TSZ <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted December 6, 2017
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

John C. Stiegler and Dwight A. Holmes ("Plaintiffs") appeal the Rule 12(b)(6) dismissal of their Washington Consumer Protection Act ("CPA") claims. Wash. Rev. Code § 19.86.020 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (citing *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016)), we affirm.[1]

The district court properly dismissed Plaintiffs' CPA claims. Plaintiffs have failed to allege facts plausibly establishing "that the public has an interest" in this private dispute regarding internal corporate decision making. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (Wash. 1986). Moreover, Plaintiffs' claims, which are "directed at the competence of and strategies employed by" Defendants, are beyond the CPA's scope. *Michael v. Mosquera–Lacy*, 200 P.3d 695, 699 (Wash. 2009) (quoting *Ramos v. Arnold*, 169 P.3d 482, 486 (Wash. Ct. App. 2007)). Thus, Plaintiffs have failed to state a CPA claim.

**AFFIRMED.**

---

[1] Because our decision does not rely on Wash. Rev. Code § 24.06.035, the Motion to Strike, **Dkt. No. 39**, is denied as moot.